1  COUNSEL LISTED ON
   NEXT PAGE
2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JOHN THOMAS, an individual         Case No. SACV 11-1123 JST (ANx)
    California resident, on behalf of
12  himself and all others similarly   **JOINT STIPULATION OF CLASS**
    situated,                          **ACTION SETTLEMENT**
13
                    Plaintiff,
14
            vs.
15
    COGNIZANT TECHNOLOGY
16  SOLUTIONS U.S.
    CORPORATION, a Delaware
17  corporation and DOES 1 through
    100, inclusive,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

1   JOSE GARAY, Bar No. 200494
2   jgaray@garaylaw.com
    JOSE GARAY, APLC
3   9861 Irvine Center Drive
4   Irvine, California  92618
    Telephone:  949-208-3400 Fax No.:   949-713-0432
5
6   CHRISTOPHER J. HAMNER, Bar No. 197117
    chamner@hamnerlaw.com
7   HAMNER LAW OFFICES, APC
8   555 W. 5th Street, 31st Floor
    Los Angeles, California  90013
9   Telephone:  213-533-4160 Fax No.:   213-533-4167

10  GLENN C. NUNES, Bar No. 210453
11  glennnunes@me.com
    THE NUNES LAW GROUP
12  101 California Street, Suite 2450
13  San Francisco, California 94111
    Telephone:  (415) 946-8894  Fax:   (415) 946-8801
14
    Attorneys for Plaintiff
15  JOHN THOMAS, on behalf of himself and all others similarly situated,
16
    MORGAN, LEWIS & BOCKIUS LLP
17  CARRIE A. GONELL, SBN 257163
    cgonell@morganlewis.com
18  MARIA O. GUTIERREZ, SBN 209995
19  maria.gutierrez@morganlewis.com
    5 Park Plaza, Suite 1750
20  Irvine, California  92614
21  Tel: 949.399.7000  Fax: 949.399.7001

22  Attorneys for Defendant
23  COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION

24
25
26
27
28

IT IS HEREBY STIPULATED AND AGREED by and between John Thomas ("Class Representative"), on behalf of himself and each of the Settlement Class Members, on the one hand, and Cognizant Technology Solutions U.S. Corporation ("Cognizant" or "Defendant"), on the other hand, hereinafter all referred to jointly as "Settling Parties," as set forth below:

## 1.  THE LITIGATION

On June 16, 2011, John Thomas commenced a proposed class action in the California Superior Court for the County of Orange.  Cognizant removed the case to the United States District Court for the Central District of California on July 27, 2011 (Case No. SACV 11-1123 JST (ANx)).

This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof, including but not limited to, the Released State and Federal Statutory Claims and the Released Common Law and/or Equitable Claims.

## 2.  DEFINITIONS

As used in all parts of this Stipulation, the following terms have the meanings specified below:

2.1  "Allocation" means the form of distribution of the Net Settlement Amount to the Participating Class Members, which shall be developed as provided in section 3.7.6 of this Stipulation.

2.2  "Change of Name or Address Form" shall mean the form that is attached as Form A to the Class Notice, in the same or substantially the same form as set forth in Form A attached to Exhibit 1, which a Class Member can submit in order to provide the Claims Administrator with updated Class Data.

2.3  "Claims Period" means 60 days from the mailing of the Class Notice.

2.4  "Claims Administrator" means the third-party claims administrator mutually agreed to by the Settling Parties to give notice and communicate with

Settlement Class members regarding the settlement.  Reasonable consent to the selection of the Settlement Administrator will not be withheld by either Party.

2.5    "Class" or the "Settlement Class" means the Named Plaintiff and all persons who are and/or were employed in the Testing Business Unit as exempt Senior Associates, Associates, Programmers or Project Analysts by Cognizant in California between June 16, 2007 and the date of the preliminary approval of the Settlement.  Cognizant currently approximates that there are 723 members of the Settlement Class.

2.6    "Class Counsel" means Jose Garay of Jose Garay, APLC; Chris Hamner of Hamner Law Offices, APC; and Glenn Nunes of Nunes Law Group.

2.7    "Class Member" or "Member of the Class" means a Person who is a member of the Class.

2.8    "Class Notice" means a Notice to Class Members Regarding Pendency of a Class Action and Notice of Hearing on a Proposed Settlement and Claim Form substantially in the form attached hereto as Exhibit 1.  The Class Notice shall state the estimated minimum settlement payment that the Class Member could receive if s/he participated in the settlement.

2.9    "Class Period" means the period during which the Class Member was employed by Cognizant in a Covered Position at any time from June 16, 2007 and the date of the preliminary approval of the settlement.

2.10   "Class Representative" means John Thomas, plaintiff in the Litigation.

2.11   "Class Data" means the names, contact information, and start and end dates in Covered Positions for members of the Settlement Class.

2.12   "Court" means the United States District Court for the Central District of California.

2.13   "Covered Positions" means Senior Associates, Associates, Programmers, or Project Analysts who were classified as exempt from receiving

overtime pay and who have been employed by Cognizant within the Testing Business Unit in California from June 16, 2007 through the date of preliminary approval.

2.14 "Effective Date" means the date on which the Judgment becomes a Final Judgment.

2.15 "Service Enhancement" means an amount approved by the Court to be paid to the Class Representative identified in section 3.8.2, in addition to his award as a Participating Claimant, in recognition of his efforts in participating in the Litigation as Class Representative.

2.16 "Final Judgment" means the latest of:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.

2.17 "Cognizant" means Cognizant Technology Solutions U.S. Corporation.

2.18 "Cognizant Releasees" means Cognizant, each of its affiliates and related entities (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives.

2.19 "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation.

2.20 The "Litigation" or the "Lawsuit" means the *Thomas* action.

2.21 "Maximum Settlement Amount" shall mean the maximum amount that Cognizant shall pay under the terms of this Stipulation, which is the gross sum of

$4,000,000, inclusive of all attorneys' fees, litigation costs, claims administration fees, all payroll taxes and all other applicable taxes if applicable (including Cognizant's share of said taxes), payments to the California Labor and Workforce Development Agency, interest, the Service Enhancement to Named Plaintiff, and the Net Settlement Amount.

2.22  "Named Plaintiff" means John Thomas.

2.23  "Net Settlement Amount" means settlement payments made to the Settlement Class for allegedly unpaid wages, overtime, premium wages, reimbursement of expenses, and related fees, interest, and penalties.

2.24  The "Notice Response Deadline" is 60 days from the date of mailing of the Class Notice.

2.25  "Opt Out" or "Opt Outs" means written and signed requests by Class Members to be excluded from the Settlement Class, which are submitted on the forms, in the manner, and within the time set forth in the Class Notice.

2.26  "Order of Final Approval" or "Order Granting Final Approval of Settlement" shall mean an order to be entered and filed by the Court entitled "Order Determining Good Faith and Granting Final Approval of Settlement."

2.27  "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who properly and timely submits a Qualifying Claim Form in response to the Class Notice.

2.28  "Person" means a natural person.

2.29  "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

2.30  "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval of Class Action Settlement," substantially in the form attached hereto as Exhibit 2, approving the

terms contained in this Agreement, certifying a class action for settlement purposes only as provided in section 3.2.

2.31 "Qualified Claimants" shall mean class members who have timely submitted valid claim forms and have not opted-out of the settlement and are therefore eligible to receive a Settlement Payment. Class members who have not submitted timely and valid claims forms, or have not filed timely and valid opt-out notices, will still be bound by the Settlement and its releases, but will not be entitled to receive payment of their share of the settlement (subject to the provisions regarding late claims below).

2.32 A "Qualifying Claim Form" shall mean a Claim Form that is completed, properly executed, and timely returned to the Claims Administrator by mail or through the website created by the Claims Administrator.

2.33 A "Reasonable Address Verification Measure" shall mean the utilization of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of and, if possible, update a mailing address prior to the original mailing of the Class Notice.

2.34 "Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities (including, without limitation, state statutory and common law claims) against Cognizant and Cognizant Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims, by any employee in a Covered Position that are or were asserted or are reasonably related to the claims asserted in the Litigation, including, but not limited to, claims relating to: (a) failure to pay overtime wages; (b) failure to pay minimum wages; (c) failure to pay final wages on termination; (d) failure to provide accurate itemized wage statements; (e) failure to pay missed meal and rest period premiums; (f) unlawful payment of a lower wage; (g) unpaid business-related expenses; (h) unlawful

deductions from wages; (i) failure to pay vacation wages; and (j) penalties (including civil and statutory penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the claims described in (a) through (i) above under any applicable law.

The release specifically includes Released State and Federal Statutory Claims, as defined in 2.36; Released Common Law and/or Equitable Claims, as defined in 2.35; and Unknown Claims, as defined in 2.43.

2.35   "Released Common Law and/or Equitable Claims" means any and all common law or equitable claims, under any theory whatsoever, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Named Plaintiff's Complaint or in any Amended Complaint filed in the Litigation.

2.36   "Released State and Federal Statutory Claims" means any and all claims arising under the Fair Labor Standards Act; the California Labor Code, including, without limitation, §§ 201-204, 221-223, 226, 226.7, 227.3, 400-410, 510, 512, 1194, 1197, 1197.1, 1198, 2699, 2800, 2802; the California Business & Professions Code § 17200 et seq., and the California Industrial Welfare Commission Wage Orders to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Named Plaintiff's Complaint filed in the Litigation.  Only those Class Members who are Participating Claimants will be considered to have waived any claims under the FLSA.

2.37   "Settlement Claim Form" or "Claim Form" shall mean the form attached as Form B to the Class Notice, in the same or substantially the same form as set forth in Form B attached to Exhibit 1, which a Class Member must submit in

order to become a Participating Claimant and recover a payment pursuant to section 3.6.6.

2.38   "Settlement Class" means all of the Class Members who do not opt out of the Settlement Class by submitting Opt Outs pursuant to section 3.6.3.

2.39   "Settlement Class Member" or "Member of the Settlement Class" means any Person who is a member of the Settlement Class.

2.40   "Settlement Hearing" or "Fairness and Good Faith Determination Hearing" means a hearing set by the Court for the purpose of:  (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated settlement; and (iii) entering Judgment.

2.41   "Settling Parties" means Cognizant and the Class Representative on behalf of himself and all Members of the Settlement Class.

2.42   "Stipulation" means this agreement, *i.e.*, the Joint Stipulation of Class Action Settlement together with all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them, and which is subject to Court approval.  It is understood and agreed that Cognizant's obligations for payment under this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date.

2.43   "Unknown Claims" means any Released Claims which the Class Representative or any Settlement Class Member (including all Participating Claimants) does not know or suspect to exist in his or her favor at the time of the time of the release, and which, if known by him or her might have affected his or her decision to settle with and to release the Cognizant Releasees, or might have affected his or her decision to opt out of the Class or to object to this settlement. With respect to any and all claims being released, the Settling Parties stipulate and

agree that, upon the Effective Date, the Class Representative shall have expressly, knowingly, and intentionally waived for himself and, by operation of the Judgment, each of the Settlement Class Members shall be deemed to have waived the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims, including without limitation any applicable benefits or rights under California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, likewise waived all such benefits and rights.  The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Settlement Class Member (including all Participating Claimants), upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative acknowledges the significance and consequence of this waiver, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged the consequence

and significance and assume full responsibility for any loss that may be incurred by reason of such waiver. The Class Representative further acknowledges, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## 3.   **THE SETTLEMENT**

3.1   This Stipulation is intended to resolve all claims against Cognizant by Class Members and relates to the following pending lawsuit: *Thomas, et al. v. Cognizant Technology Solutions U.S. Corporation, et al.*, Case No. SACV 11-1123 JST (ANx), filed on June 16, 2011.

3.2   <u>Stipulation to Class Certification</u>: The Settling Parties further agree that, for settlement purposes only, the Court shall certify a Settlement Class consistent with this Agreement. The Settling Parties agree that certification for settlement purposes is in no way an admission or acknowledgement that class certification is proper or given collective action treatment, and that evidence of this limited stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding. This provision is void and all terms void if this settlement is not approved by the Court.

3.3   <u>Settlement Amount</u>: Cognizant agrees to pay no more than the Maximum Settlement Amount, and only the amount(s) as provided for in this Section III of this Agreement.

3.4   <u>Claims Released by the Settlement Class</u>: Upon the Effective Date, the Class Representative and each of the Settlement Class Members (including all Participating Claimants), on behalf of themselves, and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed

with prejudice, relinquished, and discharged all Released Claims, including, without limitation, the Released State and Federal Statutory Claims, the Released Common Law and/or Equitable Claims, and Unknown Claims.

3.5 Class Notice:

3.5.1 Within 14 days of the Preliminary Approval Order, Cognizant will provide the Class Data of the Class to the Claims Administrator only. Class Data shall only be used by the Claims Administrator for the purpose of notifying the Class of the Settlement. Class data (including addresses) for the Class shall not be disclosed to Class Counsel, the Named Plaintiff, or any other Class Members or their counsel without written consent of Cognizant or by the Court.

3.5.2 Upon receipt of the Class Data, the Claims Administrator shall run the class data through the National Change of Address database to ascertain any updated addresses for members of the class. To the extent this process yields an updated address, the Claims Administrator will use the most recent address for each Settlement Class member – either from Cognizant's records or the National Change of Address database – when mailing the Class Notice. The Settlement Administrator shall also take reasonable steps to locate any Settlement Class member whose Class Notice is returned as undeliverable.

3.5.3 Within 14 days of receiving the Class Data, the Claims Administrator will send a Class Notice to each Class Member.

3.5.4 The Class Notice shall include notice to each Class Member of his/her right to object to the Settlement.

3.5.5 The Class Notice shall also include notice to each Class Member of his or her right to Opt Out, or exclude himself or herself from the Settlement.

3.5.6 The Class Notice shall also include notice to each Class Member that he or she has the option to retain his or her own attorney(s) in connection with

this Lawsuit at their own expense.  Class Members who choose this option will be responsible for any attorneys' fees or costs they incur as a result of this election.

3.5.7  The following forms shall be included with the Class Notice mailing:  Change of Name or Address Information Form (Form A) and Claim Form (Form B).

3.5.8  Each Claim Form will estimate a minimum payment that the Class Member could receive if s/he participated in the settlement.  Names of Settlement Class Members and their allocation amounts shall be kept strictly confidential by the Settlement Administrator, who will not release such information to Class Counsel and will only file such information under seal if necessary.

3.5.9  The Class Notice shall be mailed via first class mail through the United States Postal Service, postage pre-paid and shall include a return envelope addressed to the Claims Administrator, postage pre-paid.

3.5.10  The Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator and the envelope shall also be marked "Cognizant Settlement Notice."

3.5.11  Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this section, the Class Notice shall be deemed mailed and received by the Class Member to whom it was sent five days after mailing.  In the event that subsequent to the first mailing of a Class Notice and prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the notice will be deemed mailed as of that date, and the forwarding address shall be deemed the updated address for that Class Member.  In the event that the original Class Notice or any Notice subsequently sent to a forwarding address is returned to the Claims Administrator, at least fourteen days

prior to the Notice Response Deadline, by the United States Postal Service because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such address is ascertained, the Claims Administrator will re-send the Notice within seven (7) days of receiving such information; if no updated address is obtained for that Class Member, the Class Notice shall be sent again to the last known address.  In either event, the Class Notice shall be deemed received once it is mailed for the second time.

3.5.12   To the extent a Class Member, whose address has not been deemed unknown by the Claims Administrator, has not submitted to the Claims Administrator some form of written response to the Class Notice within 25 days after mailing the Class Notice, then, not more than 30 days after mailing the Class Notice, the Claims Administrator shall send that Class Member a "Reminder Letter": (1) referencing the name of the Litigation; (2) stating that the Class Member received a notice in this action; (3) providing the address for the Claims Administrator; (4) stating the Notice Response Deadline, i.e., the deadline to respond to the Class Notice if the recipient desires to do so; (5) setting forth the percentage of employee service time for the Class member and anticipated recovery amount; and (6) stating that the Class Member can contact the Claims Administrator to receive an additional copy of the notice.  The postcard shall not contain additional information or statements.  The postcard shall be mailed via first-class regular U.S. Mail, using the most current mailing address information then available for class members.  Nothing in this section shall be construed to extend the Notice Response Deadline for any Class Member, and the reasonable costs expended in association with the preparation and mailing of the postcards

contemplated by this section shall be included as part of the administrative costs to be paid out of the Maximum Settlement Amount.

3.6     Responses to Class Notice:

3.6.1   Settlement Class Members must submit their claims within the Claims Period.  Settlement Class Members may submit a Claim Form by returning a hard copy to the Claims Administrator.  The Class Representative shall be deemed to have submitted valid Claims Forms regardless of whether any claim form is actually submitted and may not opt out, object to, or otherwise challenge the terms of the Settlement Agreement.

3.6.2   Subject to the provisions of section 3.9.5, any communications with Class Members (other than the Named Plaintiff) will initially be handled by the Claims Administrator.  The Claims Administrator will keep a log of all communications with any Class Member.  If the Claims Administrator cannot resolve the question or issue raised by a particular Class Member, the Claims Administrator will be instructed to forward the question or issue in writing to counsel for the Settling Parties.  The Settling Parties then will jointly agree as to the substance and method of any communication with the Class Member.

3.6.3   Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Lawsuit, the settlement, and the Settlement Class.  Class Members who wish to exercise this option must notify the Claims Administrator in writing of his or her intent to opt out.  As part of the notification, the Class Member must provide his or her name, address, signature, and a statement that he or she wishes to opt out of the settlement.  The written opt-out notification to the Claims Administrator must be postmarked on or before the Notice Response Deadline.  If a proper election to opt out is not received by the Claims Administrator from a Class Member with a postmark on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived

his or her right to opt out of the Settlement Class.  Class Members who do not timely submit proper documents demonstrating an election to opt out shall be deemed Members of the Settlement Class.  Class Members who do timely submit proper documents demonstrating an election to opt out shall have no further role in the Litigation or as a Class Member, and thus they shall not be entitled to any benefit as a result of the Litigation, this settlement, or this Stipulation.

3.6.4  Each class member who does not submit a timely opt out request shall be deemed to have released Cognizant of all Released Claims, subject to the limitation of FLSA claims set forth in section 2.36.

3.6.5  Class Members who do not opt out of the Settlement Class pursuant to section 3.6.3 may object to the settlement by submitting written objections to the Court and mailing copies of their written objections to Class Counsel, counsel for Cognizant, and the Claims Administrator with a postmark on or before the Notice Response Deadline.  The Claims Administrator shall immediately provide copies of any such objections to counsel for the Settling Parties.

3.6.6  Class Members who do not opt out of the Settlement Class pursuant to section 3.6.3 may elect to become Participating Claimants.  Class Members who wish to exercise this option and certify their entitlement to payment under the settlement must fully and timely complete, execute, and mail, per the instructions therein, the form entitled "Claim Form" attached to the Class Notice as Form B.  If a completed and properly executed Claim Form is not received by the Claims Administrator from a Class Member with a postmark on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to be a Participating Claimant and receive payment under this settlement.  However, as long as they do not properly submit elections to opt out, Class Members shall be deemed Members of the Settlement Class and shall be

subject to the Judgment even if they do not submit a Claim Form in a timely and proper fashion.  Only Participating Claimants whose completed and properly executed Claim Forms are submitted to the Claims Administrator shall be entitled to payment pursuant to the settlement and this Stipulation.

3.6.7  In the event that a Class Member submits a deficient or invalid Claim Form, the Administrator shall promptly inform the Class Member of the deficiency and how to rectify the deficiency by way of a cure letter (in a form similar to that attached as Exhibit 3).  The Class Member shall have fifteen (15) days to submit a valid Claim Form or until the Notice Response Deadline, whichever is later.  In the event that the Class Member submits a second deficient Claim Form, the Claims Administrator need take no further steps and, pursuant to Section 3.6.6, such a Class Member will be treated as if they had not submitted a Claim Form and had not opted out of the settlement.

3.6.8  If any Class Member submits a properly-executed Claim Form after the Notice Response Deadline, or if any Class Member submits a properly executed response to the cure letter set forth in section 3.6.7 more than 15 days after the Notice Response Deadline, Cognizant will have the discretion to decide whether the Class Member's submission(s) shall be accepted even though it was deficient or submitted untimely, after consultation with Class Counsel.  In no event shall the acceptance of untimely or otherwise deficient claims result in Cognizant being required to pay more than the Maximum Settlement Amount.

3.6.9  If a Participating Claimant disagrees with the percentage of eligible employee service time in a Covered Position pre-printed on his or her Claim Form, the Participating Claimant must provide his or her correct percentage of eligible employee service time in a Covered Position total and the correct dates of employment in a Covered Position during the Class Period and provide documents that evidence that he or she was employed in a Covered Position during

the Class Period.  The percentage of eligible employee service time listed on the Claim Form is presumed to be accurate unless the Participating Claimant submits documentation demonstrating otherwise.  In the event of any dispute over an individual's percentage of eligible employee service time, Cognizant will have the discretion to decide whether the Class Member's submission(s) shall be accepted, after consultation with Class Counsel.  In no event shall the resolution of any dispute over any class member's percentage of eligible employee service time total result in Cognizant being required to pay more than the Maximum Settlement Amount.

3.6.10   Class Members who elect to opt out and also submit a Claim Form shall be sent a cure letter (in a form similar to that attached as Exhibit 3) by the Claims Administrator seeking clarification of whether they intend to opt out of the settlement and the Settlement Class or become a Participating Claimant. Absent a response to the contrary within 15 days or the Notice Response Deadline, whichever is later, such Class Members will be deemed to be a Participating Claimant.

3.6.11   Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute, and mail, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Notice Regarding Pendency of Class and Collective Action as Form A.  The address provided shall be the updated address for any such Class Member.

3.6.12   After the end of the Claims Period, the Claims Administrator will provide to counsel for the Settling Parties the class member data regarding class members who submitted Claim Forms.  During the Claims Administration

periods, the Claims Administrator will send counsel periodic updates regarding the number of claims submitted and cure letters sent out.

      3.6.13  Settlement Administration costs will be paid out of the Maximum Settlement Amount.  If the actual cost of Settlement Administration is less than the amount approved by the Court, those funds shall remain the property of Cognizant.  If the actual cost of Settlement Administration exceeds the amount approved by the Court, the excess costs shall be paid in equal shares from Class Counsel and Cognizant, except that any payment made by Cognizant pursuant to this Paragraph shall not cause Cognizant to pay a total amount which exceeds the Maximum Settlement Amount.  If the settlement is not given final approval by the Court, the Parties shall bear Settlement Administration fees and expenses equally.

    3.7    <u>Final Approval of Class Action Settlement and Timing of Payment to Participating Claimants.</u>

      3.7.1  Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and Cognizant shall jointly move the Court for entry of the Order of Final Approval and the associated entry of Judgment.  The Settling Parties shall make all reasonable efforts to secure entry of the Order of Final Approval and the associated entry of Judgment.

      3.7.2  In conjunction with the motion for entry of the Order of Final Approval, Class Counsel shall submit a Motion for Attorneys' Fees and Costs consistent with Section 3.8.

      3.7.3  Upon entry of the Order of Final Approval by the Court, the lawsuit identified in section 3.1 shall be dismissed with prejudice in their entirety with each side to bear their own attorneys' fees and costs.

      3.7.4  Within 21 days after the entry of the Order of Final Approval, Cognizant will distribute to a Qualified Settlement Fund the Net Settlement Amount Payment if there are no objections.  If an objection to the settlement is filed

and overruled by the district court and no appeal is taken, Cognizant will distribute to the Qualified Settlement Fund the Net Settlement Amount 21 days after the appeal date expiration has passed.  If an appeal is taken, the Net Settlement Amount shall be given to the Qualified Settlement Fund within 21 days of the filing of the appeal.  If the appeal results in approval of the settlement, the Participating Claimants and Class Counsel shall be entitled to the interest earned during the pendency of the appeal.  The Claims Administrator will add the amount of any such interest to the Net Settlement Amount and the award of attorneys' fees and costs for purposes of the Claims Administrator's determination of the final allocations to Class Members per Section 3.7.6 and Class Counsel.

3.7.5  The Qualified Settlement Fund shall be funded by Cognizant and administered by the Claims Administrator.

3.7.6  The Claims Administrator shall be responsible for the Allocation of the Net Settlement Amount to Participating Class Members.  The Allocation shall be calculated as follows: the Settlement Administrator will calculate pro rata settlement payments to Settlement Class members based on each Settlement Class Member's relative percentage of eligible employee service time in the Settlement Class as reflected on Cognizant's internal records.  After deducting for attorneys' fees, litigation costs, the Service Enhancement, the payment to the LWDA, the late claims fund, and Settlement Administration fees set forth in Section 3.6.13, the remainder of the Maximum Settlement Amount will be allocated to Settlement Class members as the "Net Settlement Amount."

3.7.7  Payments to the Participating Claimants shall be subject to a Minimum Payment of 75% of the Net Settlement Amount, which includes the employer's share of applicable payroll taxes and withholdings.  If payments to Participating Claimants as set forth herein (inclusive of applicable payroll taxes and withholdings) aggregate to an amount that is less than the Minimum Payment, any

amount between the total of the payments to the Participating Claimants and the Minimum Payment will be allocated to Participating Claimants on a pro rata basis until the Minimum Payment is fully distributed.  Cognizant will not be required to pay any unclaimed amounts above the Minimum Payment.

3.7.8  The Claims Administrator shall mail to each Participating Claimant at his or her last known address, his or her individual payment pursuant to the terms of this Stipulation, less the employee's share of relevant withholdings, from the Qualified Settlement Fund.  The Parties shall be deemed to have complied with the terms of this Agreement requiring the issuance of any payments to Participating Claimants for class members by authorizing payments to be mailed by the Settlement Administrator to Participating Claimants pursuant to this Section 3.

3.7.9  Except for the Service Enhancement described in Section 3.8.2 to be paid to the Named Plaintiff, all settlement payments to Qualified Claimants shall be allocated as follows:  33.3% unpaid wages (for which the Participating Claimant will receive an IRS W2 form),  33.3% in interest, and 33.3% in penalties (for which the Participating Claimant will receive an IRS 1099 form).  Named Plaintiff and Qualified Claimants must pay their own portion of payroll and income taxes on the withheld from settlement payments.  Named Plaintiff and Qualified Claimants shall be exclusively liable for any and all tax liability, if any.

3.7.10  Following the mailing of the payments to Participating Claimants discussed in section 3.7.8, the Claims Administrator shall provide counsel for the Settling Parties with a written confirmation of this mailing.  Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigation on behalf of the Settlement Class.

3.7.11  Any amounts unclaimed by members of the Settlement Class, including settlement checks that remain uncashed for 180 days, shall remain the property of Cognizant.

3.8     <u>Payment of Costs, Attorneys' Fees, and Enhancements</u>.

3.8.1  Cognizant will not oppose Class Counsel's application to the court for up to 33.3% of the Maximum Settlement Amount as attorneys' fees, plus their actual litigation costs for serving as Class Counsel (which counsel approximates at $60,000).  To the extent the Court does not approve any or the entire amount of attorneys' fees, such amounts shall remain part of the Maximum Settlement Amount and distributed in accordance with the provisions of this Stipulation.  Any payment to Class Counsel shall be made from a Qualified Settlement Fund administered by the Claims Administrator but funded by Cognizant.  Plaintiff's Counsel will receive an IRS Form 1099 for the award of attorneys' fees and costs.  The Class Representative and his attorneys agree to waive any right to appeal any award of attorneys' fees and/or costs as determined by the Court.

3.8.2  Cognizant will not oppose Class Counsel's application to the court to allow a Service Enhancement payment for the Named Plaintiff in the amount up to $10,000.  If the Named Plaintiff receives such an enhancement payment, he will be required to sign a full, general, and comprehensive release of all known and unknown claims pursuant to California Civil Code Section 1542 as a condition of receiving the payment.  Any enhancement payment to the Named Plaintiff shall be made from a Qualified Settlement Fund administered by the Claims Administrator but funded by Cognizant.  The Named Plaintiff will receive an IRS Form 1099 for the enhancement payments.  The Class Representative shall be responsible for all portions of federal, state, and local tax liabilities that may result from the payments described in this Section and shall agree that Cognizant

shall bear no responsibility for any such tax liabilities.  To the extent the court does not approve any or all of the amount of the enhancement payment sought by Plaintiff's counsel, any amount disallowed by the court will remain the property of Cognizant and will not affect the remainder of the Settlement.

3.8.3   From the Maximum Settlement Amount, $15,000 shall be designated as a "Late Claims Fund."  The Late Claim Fund is established for otherwise valid claims that were not timely filed during the Claims Period, but are postmarked within 45 days of the deadline to submit claims.  If the payments for late claims submitted exceed $15,000, the $15,000 Late Claims Fund shall be allocated to all those filing acceptable late claims on a pro rata basis.  The acceptance of any late claims shall be subject to Cognizant's approval.  Any unclaimed amounts of the Late Claims Fund shall remain the property of Cognizant.

3.8.4   From the Maximum Settlement Amount, settlement administration fees in a reasonable amount shall be deducted.

3.8.5   From the Maximum Settlement Amount, $25,000 shall be allocated to PAGA penalties, from which 25% shall be payable to the Settlement Claims, representing the aggrieved employees' share of PAGA penalties, and 75% shall be payable to the California Labor and Workforce Development Agency ("LWDA"), representing the LWDA's share of PAGA penalties.

3.8.6   If the Court approves a lesser amount of attorneys' fees, litigation costs, or Service Enhancement than those sought by Named Plaintiff and Plaintiff's Counsel, any amount disallowed by the Court shall be reallocated to the Settlement Class subject to the Minimum Payment provision herein and the Parties agree that the settlement shall remain binding with such modification(s) and its terms will be otherwise unchanged.  Plaintiff's counsel agrees not to appeal any

ruling by the Court disapproving or reducing attorneys' fees, litigation costs, or the Service Enhancement.

3.9     Miscellaneous Provisions.

3.9.1   Upon the signing of this Stipulation, the Settling Parties shall cooperate and use reasonable efforts to effectuate the terms of this Settlement.

3.9.2   If for any reason the Settlement is not approved by the Court, or if Cognizant withdraws from the Settlement pursuant to 3.9.3, this Stipulation will be null and void, and any class action certified for settlement purposes will be vacated.  In such an event, neither this Stipulation, nor the negotiations leading to the Settlement may be used as evidence for any purpose, and Cognizant shall retain the right to challenge all claims and allegations in the Settled Lawsuit, to assert all applicable defenses, and to dispute the propriety of class action certification on all applicable grounds.

3.9.3   Cognizant has the right to withdraw from the Settlement at any time prior to final approval if:  (a) 5% or more of all class members opt out of the Settlement; or (b) the Settlement is construed in such a fashion that Cognizant is required to pay more than the Maximum Settlement Amount; (c) the Court does not certify the Settlement Class as listed in section 3.2, or otherwise makes an order inconsistent with any of the terms of this Stipulation or the Settlement Documents prepared to effectuate the Settlement; or (d) any Court certifies a class action involving any claim, whether based on statute, regulation, contract, common law, or otherwise, described in section 3.4 above by any employee in the Covered Positions identified above before final approval of the Settlement; or (e) Plaintiff or his counsel breaches the Stipulation.

3.9.4   The Settling Parties agree that the Stipulation is fair and reasonable and will so represent to the Court.

3.9.5  Named Plaintiff and Class Counsel agree not to disclose the terms of this settlement except in Court papers or if required by legal process. Neither Named Plaintiff not Class Counsel, directly or indirectly, shall issue a press release, hold a press conference, publish information about the settlement on any website (other than used by the Claims Administrator for claims administration purposes), or otherwise publicize the settlement, except that Class Counsel may add to the statement currently appearing on their website that this matter has been resolved; and that Class Counsel may disclose publicly-available information about the settlement in a court filing in a subsequent case.  Named Plaintiff and Class counsel agree not to respond to any press inquiries concerning the settlement except to refer reporters to the papers filed with the District Court.

3.9.6  In addition, to the extent any Class Members inquire regarding the status of the case, the Settling Parties and their Counsel may indicate that a tentative settlement has been reached subject to preliminary approval by the Court (or that a settlement has been preliminarily approved, if applicable) but may not disclose the terms prior to preliminary approval.

After the filing of the motion for preliminary approval, if a Participating Class Member contacts counsel for Plaintiff, counsel are permitted to discuss the terms of the settlement only as it relates to the individual's own circumstances such as months worked, the calculation of his or her individual settlement amount, and any other matter that relates to his or her own individual issues.

Within sixty (60) days after Plaintiff's claims have been fully and finally dismissed, counsel for Plaintiff shall take necessary steps to destroy or erase all documents and data produced by Cognizant to counsel for Plaintiff in connection with this action and which are currently in the possession, custody or control of counsel for Plaintiff and/or their retained experts and consultants.  Counsel for Plaintiff shall certify to Cognizant their good faith efforts to comply with this

CASE NO. SACV 11-1123 JST (ANX)
JOINT STIPULATION OF CLASS ACTION
SETTLEMENT

provision.  Counsel for Plaintiff further agrees that such information produced by Cognizant shall be kept strictly confidential and not disclosed or shared with any other person or entity, and further agrees to enter into a stipulated protective order in this action in connection with the documents and data that have been produced by Cognizant.

3.9.7  Neither this Stipulation, the Settlement Documents, nor the Settlement shall be construed as an admission of liability on the part of Cognizant, or that any group of similarly situated employees exists to maintain a collective action or class action under Rule 23 of the Federal Rules of Civil Procedure (or comparable state laws or rules).

3.9.8  This Stipulation may be executed by facsimile or in one or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute the same instrument.

3.9.9  Plaintiff and his counsel understand and agree that any fee payments made under section 3.8.1 of this Agreement will be the full, final, and complete payment of all attorneys' fees and costs arising from or relating to the representation of the Plaintiff, the Class Members, or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the claims released by the Settlement or the Lawsuit.  Plaintiff and his counsel will release any claim they may have against Cognizant for attorneys' fees or costs arising from or relating to the representation of the Plaintiff, the Class Members, or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the claims released by the Settlement, the Settled Lawsuits or the Settlement.

3.9.10  Cognizant's sole obligations to Class Counsel and the Claims Administrator are set forth in this Stipulation.  Class Counsel shall hold Cognizant harmless for an award of fees or costs beyond those made in accordance with the

Stipulation and shall not seek to recover any fees or costs awarded in excess of the terms in this Stipulation.

3.9.11   Class Counsel agrees that any information they receive or have received in connection with this settlement, may be used for this action only, and may not be used for any purpose or in any other action or proceeding.

3.9.12   All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

3.9.13   The Stipulation may be amended or modified only by a written instrument signed by authorized representatives of all Settling Parties or their respective successors-in-interest.

3.9.14   The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

3.9.15   Whenever this Stipulation requires or contemplates that one party, the Court, or the Claims Administrator shall or may give notice to another, notice shall be provided by facsimile and/or next-day (excluding Sundays and Court holidays) express delivery service as follows:

      (a)    If to Cognizant, then to:

      Carrie Gonell
      Morgan, Lewis & Bockius, LLP
      5 Park Plaza, Suite 1750
      Irvine, CA 92614
      Tel:  949-399-7000
      Fax:  949-399-7001

      (b)    If to the Class Representative, then to:

1  Jose Garay
   Jose Garay, APLC
2  9861 Irvine Center Drive
   Irvine, CA 92618
3  Tel: 949-208-3400
   Fax: 949-713-0432
4
   and
5
   Christopher J. Hamner
6  Hamner Law Offices, APC
   555 W. 5th Street, 31st Floor
7  Los Angeles, CA 90013
   Tel: 213-533-4160
8  Fax: 213-533-4167

9       3.9.16  The language of all parts of this Stipulation shall in all cases be

10  construed as a whole, according to its fair meaning, and not strictly for or against

11  either party.  No party shall be deemed the drafter of this Stipulation.  The Settling

12  Parties acknowledge that the terms of the Stipulation are contractual and are the

13  product of arms-length negotiations between the Settling Parties and their counsel.

14  Each party and their counsel cooperated in the drafting and preparation of the

15  Stipulation.  In any construction to be made of the Stipulation, the Stipulation shall

16  not be construed against any party.

17       IN WITNESS WHEREOF, the Settling Parties hereto have caused the

18  Stipulation to be executed.

19  Dated: June  29  , 2012          JOSE GARAY, APLC

20

21                                   By _____

22                                   Jose Garay
                                     Attorneys for Plaintiff
23                                   JOHN THOMAS

24

25

26

27

28

1

Dated: June 29, 2012                    HAMNER LAW OFFICES

2

3                                        By

4                                           Christopher J. Hamner
                                            Attorneys for Plaintiff
                                            JOHN THOMAS
5

Dated: June 29, 2012                    THE NUNES LAW GROUP

6

7                                        By

8                                           Glenn Nunes
                                            Attorneys for Plaintiff
9                                           JOHN THOMAS

10

Dated: June _____, 2012               PLAINTIFF JOHN THOMAS

11

12

                                         By
13                                          JOHN THOMAS

14

15

Dated: June _____, 2012               DEFENDANT COGNIZANT
16                                       TECHNOLOGY SOLUTIONS U.S.
                                         CORPORATION
17

18

                                         By
19
                                            Title:
20

21

Dated: June _____, 2012               MORGAN, LEWIS & BOCKIUS LLP
22

23

                                         By
24                                          Carrie A. Gonell
                                            Attorneys for Defendant
25                                          COGNIZANT TECHNOLOGY
                                            SOLUTIONS U.S. CORPORATION
26

27

28

1    Dated:  June _____, 2012          HAMNER LAW OFFICES

2

3                                         By_____
                                            Christopher J. Hamner
4                                           Attorneys for Plaintiff
                                            JOHN THOMAS
5
     Dated:  June _____, 2012          THE NUNES LAW GROUP
6

7

8                                         By_____
                                            Glenn Nunes
9                                           Attorneys for Plaintiff
                                            JOHN THOMAS
10
     Dated:  June __29__, 2012            PLAINTIFF JOHN THOMAS
11

12                                        By_____
13                                          JOHN THOMAS

14

15
     Dated:  June _____, 2012          DEFENDANT COGNIZANT
16                                        TECHNOLOGY SOLUTIONS U.S.
                                          CORPORATION
17

18                                        By_____
19
                                            Title:_____
20

21
     Dated:  June _____, 2012          MORGAN, LEWIS & BOCKIUS LLP
22

23                                        By_____
24                                          Carrie A. Gonell
                                            Attorneys for Defendant
25                                          COGNIZANT TECHNOLOGY
                                            SOLUTIONS U.S. CORPORATION
26

27

28

CASE NO. SACV 11-1123 JST (ANX)
                                          JOINT STIPULATION OF CLASS ACTION
                                          SETTLEMENT

1  Dated:  June _____, 2012          HAMNER LAW OFFICES

2

3                                       By_____
                                          Christopher J. Hamner
4                                         Attorneys for Plaintiff
                                          JOHN THOMAS
5  Dated:  June _____, 2012          THE NUNES LAW GROUP

6

7                                       By_____
                                          Glenn Nunes
8                                         Attorneys for Plaintiff
                                          JOHN THOMAS
9

10 Dated:  June _____, 2012          PLAINTIFF JOHN THOMAS

11

12                                      By_____
                                          JOHN THOMAS
13

14

15 Dated:  July 3, 2012                DEFENDANT COGNIZANT
                                       TECHNOLOGY SOLUTIONS U.S.
16                                     CORPORATION

17

18                                     By_____
                                          Steven Schwartz
19                                        Title: Senior Vice President, General
                                          Counsel & Secretary
20

21

22 Dated:  June _____, 2012          MORGAN, LEWIS & BOCKIUS LLP

23

24                                      By_____
                                          Carrie A. Gonell
25                                        Attorneys for Defendant
                                          COGNIZANT TECHNOLOGY
26                                        SOLUTIONS U.S. CORPORATION

27

28

CASE NO. SACV 11-1123 JST (ANX)
JOINT STIPULATION OF CLASS ACTION
SETTLEMENT

DocuSign Envelope ID: 15849357-0A34-4B30-8B7F-0FE2E8D9B30F

1

Dated:  June _____, 2012                    HAMNER LAW OFFICES

2

3                                               By_____
                                                    Christopher J. Hamner
4                                                   Attorneys for Plaintiff
                                                    JOHN THOMAS
5
      Dated:  June _____, 2012              THE NUNES LAW GROUP
6

7                                               By_____
8                                                   Glenn Nunes
                                                    Attorneys for Plaintiff
9                                                   JOHN THOMAS

10
      Dated:  June _____, 2012              PLAINTIFF JOHN THOMAS
11

12                                              By_____
13                                                  JOHN THOMAS

14

15
      Dated:  July 3, 2012                       DEFENDANT COGNIZANT
16                                               TECHNOLOGY SOLUTIONS U.S.
                                                 CORPORATION
17

18                                              By_____
                                                    Steven Schwartz
19                                                  Steven Schwartz
                                                    Title: Senior Vice President, General
20                                                  Counsel & Secretary

21

22    Dated:  ~~June~~ July 3, 2012               MORGAN, LEWIS & BOCKIUS LLP
23

24                                              By_____
25                                                  Carrie A. Gonell
                                                    Attorneys for Defendant
26                                                  COGNIZANT TECHNOLOGY
                                                    SOLUTIONS U.S. CORPORATION
27

28

CASE NO. SACV 11-1123 JST (ANX)
JOINT STIPULATION OF CLASS ACTION
SETTLEMENT