JS-6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN THOMAS, an individual California resident, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br>COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, a Delaware corporation and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | Case No. SACV 11-1123 JST (ANx)<br><br>**JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, REPRESENTATIVE ENHANCEMENT, AND CLAIMS ADMINISTRATOR FEES**<br><br>Hearing: June 14, 2013<br>Time: 2:30 p.m.<br>Dept. 10A |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE.**

This matter came before the Court on June 14, 2013, for a final fairness hearing. The Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Joint Stipulation of Class Action Settlement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Class Members.

3. Distribution of the Notice of Pendency of Class Action directed to the Class members as set forth in the Joint Stipulation of Class Action Settlement and other matters set forth herein has been completed in conformity with the Preliminary Approval Order and subsequent court orders regarding notice. Distribution of the Notice included individual notice to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed class settlement set forth in the Joint Stipulation of Class Action Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirement of due process.  One (1) Class Member, Chakradhar Kalivarapu, opted out of the Settlement.  No Class Member objected to the Settlement.

4. The Settlement was entered into in good faith pursuant to and within the meaning of California Code of Civil Procedure Section 877.6.  The Court further finds that the settlement is fair, reasonable, and adequate and that the Class Representative has satisfied the standards and applicable requirements for final approval of the

Settlement under applicable law, including the provisions of Federal Rule of Civil Procedure 23 and 29 U.S.C. Sections 207, et seq.

5. This Court hereby approves the Settlement as set forth in the Joint Stipulation of Class Action Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations. The Court further finds that the Parties have conducted a thorough investigation and research and counsel or the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid substantial costs, as well as avoid the delay and risk that would be presented by the further prosecution of this Action. The Court has noted the significant benefits to the Class Members under the Settlement. The Court also finds that the Class is properly certified as a class for settlement purposes as to all causes of action in the Complaint.

For purposes of this Judgment, the term "Class Members" refers to:

All Senior Associates, Associates, Programmers, and Project Analysts who work or worked for Defendant in the State of California between June 16, 2007 and August 8, 2012.

6. As of the Effective Date, each and every Released Claim of each and every Class Member is and shall be deemed to be conclusively released as against the Released Parties. All Class Members as of the Effective Date are hereby forever

banned and enjoined from prosecuting the Released Claims against the Released Parties.

7. Neither the Settlement nor any of the terms set forth in the Joint Stipulation of Class Action Settlement is an admission by any of the Released Parties, nor is the Judgment a finding of the validity of any claims in the Action or of any wrongdoing by any of the Released Parties. Neither this Judgment, the Joint Stipulation of Class Action Settlement, nor any document referred to herein, nor any action taken to carry out the Joint Stipulation of Class Action Settlement is, may be construed as, or may be used as an admission by or against any of the Released Parties of any fault, wrongdoing, or liability whatsoever. The entering into or carrying out of the Joint Stipulation of Class Action Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as or deemed to be evidence of an admission or concession with regard to the denials or defenses by any of the Released Parties and shall not be offered into evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Joint Stipulation of Class Action Settlement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding, the Judgment, the Joint Stipulation of Class Action Settlement, or any other paper and records on file in the Action, as evidence of the Settlement to support a defense of res judicata, collateral estoppels, release, or other theory of claim or issue preclusion or

similar defense as to the Release Claims.

8. The Joint Stipulation of Class Action Settlement provided for a Maximum Settlement Amount of Four Million Dollars and No Cents ($4,000,000.00). Class Members will be paid according to the number of compensable weeks each worked during the Class Period as defined in the Joint Stipulation of Class Action Settlement.

9. The Net Settlement Amount available to the Class after all costs and fees are paid is $2,751,557.50.  Pursuant to the Joint Stipulation of Class Action Settlement and the amount of Net Settlement Amount claimed by participating class members, the total amount to that will be distributed to the participating class members after all costs and fees are paid is $2,069,918.13 .

10. The Court hereby awards to Class Counsel, Hamner Law Offices, APC and Jose Garay, APLC, The Nunes Law Group, and Olsen Law Offices attorneys' fees in the amount of One Million One Hundred Nineteen Thousand Four Hundred and Forty-Two Dollars and Fifty Cents, or $1,119,442.50.

11. The Court hereby awards Class Counsel's litigation costs in the amount of $60,000.00.

12. The Court hereby approves an award Ten Thousand Dollars and No Cents ($10,000.00) to the Class Representative, John Thomas.

13. The Court hereby approves payment to the Claims Administrator, CPT Group, in the amount of $19,000.00.

14. The Court hereby approves payment to the California Labor Workforce Development Agency in the amount of $18,750.00.

15. The Court finds that class settlement on the terms set forth in the Joint Stipulation of Class Action Settlement was made in good faith, and constitutes a fair, reasonable, and adequate compromise of the Released Claims against the Released Parties.

16. Pursuant to paragraph 3.7.4 of the Joint Stipulation of Class Action Settlement, Defendant shall fund to a Qualified Settlement Fund, the total amount to be distributed to the Class Members (2,069,918.13), PAGA penalties to be paid to the California Labor Workforce Development Agency ($18,750.00), Class Representative Enhancement ($10,000.00), Administration Fees ($19,000.00), litigation costs ($60,000.00) and attorneys' fees ($1,119,442.50), and late claims fund ($15,000.00) for a total of $3,312,110.63.

17. The Court hereby dismisses the Action on the merits with prejudice pursuant to the terms set forth in the Joint Stipulation of Class Action Settlement. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement and all order and judgments entered in connection therewith.

18. If the Settlement does not become final and effective in accordance with the terms of the Joint Stipulation of Settlement and Release, then this Judgment and all orders entered in connection therewith shall be rendered null and void and vacated.

IT IS SO ORDERED.

Date: July 01, 2013

_____
HON. JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE
FOR THE CENTRAL DISTRICT OF CALIFORNIA